UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARIE MACIEJEWSKI, :

      Plaintiff, : CIVIL ACTION NO. 3:08-2214

      v. : (MANNION, M.J.)

COMMUNITY BANK & TRUST :
COMPANY,
       :
      Defendant.

## **MEMORANDUM AND ORDER**[1]

Pending before the court is plaintiff's motion for reconsideration and to reopen the court's order dated September 23, 2011 granting defendant's motion for summary judgment. (Doc. No. 43). For the reasons set forth below, the plaintiff's motion will be **GRANTED**.

## I. BACKGROUND

On December 10, 2008, the plaintiff commenced this action by filing a complaint against defendant Community Bank & Trust Company ("Bank"). (Doc. No. 1). Specifically, the plaintiff claimed that her discharge was in

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

violation of the ADEA as she was fifty-seven (57) years old when her employment at the Bank was terminated. *Id.*

On May 6, 2011, the defendant filed a motion for summary judgment that was accompanied by a brief in support and a statement of material facts. (Doc. No.'s 29, 30, & 31). On May 23, 2011, the plaintiff filed a motion for an extension of time to reply to defendant's motion for summary judgment, (Doc. No. 33), and, on May 24, 2011, the undersigned issued an order that extended plaintiff's time to reply until June 9, 2011, (Doc. No. 34). On June 9, 2011, the plaintiff filed a second motion for an extension of time to reply to defendant's motion for summary judgment, (Doc. No. 35), and, on June 13, 2011, the undersigned issued an order that extended plaintiff's time to reply until July 1, 2011, (Doc. No. 36). On June 30, 2011, the plaintiff filed a third motion for an extension of time to reply to defendant's motion for summary judgment, (Doc. No. 37), and, on July 1, 2011, the undersigned issued an order that extended plaintiff's time to reply until July 15, 2011, (Doc. No. 38). Despite having been granted extensions of time, the plaintiff had failed to file any reply to the defendant's motion for summary judgment. (Doc. No. 41). Thus, in accordance with Local Rule 7.6, the defendant's motion for summary judgment was deemed unopposed. *Id.*

On September 23, 2011, the undersigned issued a Memorandum and Order granting the defendant's motion for summary judgment. Specifically, the court found that:

> the record is replete with evidence that plaintiff's employment was terminated because she failed to follow Bank policy, and created an uncomfortable environment at the Clifford branch due to her demeaning attitude towards employees and customers. Moreover, there is simply no evidence in the record to support a finding that the defendant's proffered reasons for terminating plaintiff were pretextual, and "unworthy of credence."

*Id.* at 16.

On October 25, 2011, the plaintiff filed a motion for reconsideration and to reopen the court's order dated September 23, 2011 granting defendant's motion for summary judgment. (Doc. No. 43). Specifically, the plaintiff argues that her motion under Rule 60(b)(1) should be granted because her attorney was impaired/disabled by severe depression and was incapable of responding to defendant's motion, and that her ADEA claim did have sufficient merit to allow her to prevail before a jury. (Doc. No. 44).

## II. DISCUSSION

Under Rule 60(b)(1), a court may relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect," but

3

only on motion made within one year of the judgment. *See* Fed. R. Civ. P. 60(b)(1); *Pioneer Investment Services v. Brunswick Assoc. Ltd. Ptrshp*, 507 U.S. 380, 39 3 (1993) . With regard to excusable neglect, the Supreme Court has pronounced that the appropriate inquiry is essentially an equitable one. *See Pioneer,* 507 U.S. at 395 ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."). Even though a court may consider all relevant circumstances in ruling on a Rule 60(b)(1) motion, the Supreme Court has identified four factors that are central to the excusable neglect determination:

> These include…[1] the danger of prejudice to the debtor [or opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer,* 507 U.S. at 395. The Third Circuit has imposed an obligation on District Courts to explicitly discuss these factors when conducting an excusable neglect analysis. *See PRIDES Litig.*, 235 F.3d at 182 ("In the wake of *Pioneer,* we have imposed a duty of explanation on District Courts when they conduct 'excusable neglect' analysis.").

4

With respect to the first factor, the plaintiff maintains that the defendant will not be prejudiced if the court was to consider the plaintiff's response to the motion for summary judgment as that is what "would have occurred in the normal course." (Doc. No. 44 at 3). The court agrees. It does not appear, and the defendant has not argued, that it will be prejudiced if the plaintiff is permitted to file a response to the defendant's motion for summary judgment.

With respect to the second factor, the plaintiff filed her Rule 60(b)(1) motion approximately one month after the court issued the September 23, 2011 Memorandum and Order. The Third Circuit has held that such a delay is insignificant as a matter of law. *See PRIDES Litig.*, 235 F.3d at 183. Therefore, this factor weighs in plaintiff's favor in determining whether she has demonstrated excusable neglect.

With respect to the third factor, plaintiff indicates that Attorney Jennings' delay in not responding was due to his mental illness and his status as a sole practitioner. Plaintiff further contends that Attorney Jennings' mental health issues were completely out of his control as he has had recurrent bouts of severe depression that did not respond to medication, and which would vary in severity. As such, the court finds that this factor supports a finding of excusable neglect.

5

With respect to the fourth factor, the plaintiff asserts that there is no indication Attorney Jennings has acted in bad faith here or has delayed these proceedings to gain any unfair advantage. The court agrees. Although Attorney Jennings' inaction suggests that he was not acting in good faith, he has provided a plausible explanation for his inaction.

Upon considering the four prongs of the excusable neglect inquiry mandated by the Third Circuit, the court finds that the plaintiff has demonstrated excusable neglect pursuant to Rule 60(b)(1). Therefore, the court will grant the plaintiff's motion for reconsideration of the court's Memorandum and Order dated September 23 2011 granting defendant's motion for summary judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Plaintiff's "motion to reconsider/reopen [the] order of September 23, 2011 granting defendant's motion for summary judgment," (Doc. No. 43), is **GRANTED**;

**(2)** Plaintiff shall have **twenty-eight (28) days** from the date of this order to file a response to defendant's motion for summary judgment, and defendant shall have **fourteen (14) days** to file a reply to plaintiff's response;

**(3)** The court's Memorandum and Order, (Doc. No. 41), and Clerk's Judgment, (Doc. No. 42), dated September 23, 2011 are vacated; and

**(4)** The Clerk of Court is directed to restore this case to active status.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE: December 15, 2011**
O:\shared\MEMORANDA\2008 MEMORANDA\08-2214-02.wpd