# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIE MACIEJEWSKI,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:08-2214 |
| v. | : | (MANNION, M.J.) |
| **COMMUNITY BANK & TRUST COMPANY,** | : | |
| | : | |
| Defendant | : | |

## **MEMORANDUM AND ORDER**[1]

Presently before the court is the defendant's motion for summary judgment, (Doc. No. 29). The plaintiff alleges that she was improperly terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621(a). The defendant's motion contends that the plaintiff has failed to make out a *prima facie* case; and, alternatively, that the defendant has presented sufficient evidence of its legitimate non-discriminatory reason for terminating the plaintiff which the plaintiff has failed to rebut. For the reasons set forth below, the defendant's motion will be **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I.   FACTUAL BACKGROUND[2]

The plaintiff was employed by the defendant, Community Bank & Trust Company (hereinafter "Bank"), at its Clifford, Pennsylvania branch location from 1980 to 2008. (Doc. No. 1 at 3). From 1991 through 2008, the plaintiff held the at-will position of Head Teller. (Id.). Though the plaintiff asserts that she was never formally disciplined during her employment, she was eventually discharged without warring on January 9, 2008. (Doc. No. 57 at 6; Doc. No. 30 at 1). The plaintiff contends that she was fired because of her age, she was 57-years-old when she was terminated. (Doc. No. 1 at 1).

The defendant offers additional facts related to the circumstances leading up to the decision to terminate the plaintiff. In particular, the defendant states that in 2007, Bank management had became increasingly concerned with negative customer reviews at the Clifford branch. (Doc. No. 30 at 2; Doc. No. 57 at 1). The Bank's board installed Janice Bevacqua as the new Branch Manager in November 2007. (Doc. No. 30 at 2). Ms. Bevacqua was tasked with remedying the customer complaints and subsequent loss of earnings at the branch. (Doc. No. 30 at 3). In a memorandum dated the day of the

---

[2] Pursuant to Local Rule 56, the defendant filed a statement of material facts, (Doc. No. 30), and the plaintiff filed a counter-statement of material facts, (Doc. No. 51). The plaintiff's counter statement includes admissions and denials of the defendant's statement of facts, but does not re-assert basics facts offered in the plaintiff's initial complaint, (Doc. No. 1). To the extent the court finds facts asserted in the initial complaint necessary to its evaluation it will include these facts and cite them accordingly.

plaintiff's termination and attached to Ms. Bevacqua's deposition transcript, Ms. Bevacqua stated that she observed the Clifford branch employees and contacted customers in her attempt to rectify the problems. (Id.; Doc. No. 30, Att. 8). Ms. Bevacqua stated that "the majority of complaints" were traced back to the plaintiff. (Id.). The plaintiff disputes the extent to which the she and other employees were put on notice that their performance was below Bank expectations. (Doc. No. 57 at 4-8). In addition, the plaintiff states that progressive discipline procedures outlined in the Employee Handbook were not followed. (Doc. No. 56 at 10).

After the plaintiff was discharged, Maria Alden, who was 40 years old at the time, assumed the role of Head Teller at the Clifford branch. (Doc. No. 30 at 7; Doc. No 57 at 9). Ms. Alden held the position for, at most, "maybe six months" before being replaced by Sheridan Ross, who was 58-years old when she took the position. (Doc. No. 57 at 9-10; Doc. No. 30 at 8).
The plaintiff does not assert any direct or indirect references to her age by any Bank employees or management. (Doc. No. 30 at 8). The plaintiff's complaint asserts a single count alleging a violation of the Age Discrimination in Employment Act. (Doc. No. 1)

## II. PROCEDURAL HISTORY

The plaintiff filed her initial complaint, (Doc. No. 1), on December 10, 2008. On May 6, 2011, the defendant filed the instant motion for summary judgment, (Doc. No. 29), statement of material facts, (Doc. No. 30), and brief in support, (Doc. No. 31). After three extensions of time to reply were granted, but no brief in opposition filed, the court entered an order on September 23, 2011, granting the motion for summary judgment, (Doc. No. 41). On October 18, 2011, plaintiff filed a motion for reconsideration, (Doc. No. 43), and a brief in support, (Doc. No. 44). The motion and brief brought to the court's attention medical conditions that had prevented the plaintiff's counsel from filing a brief in opposition to the motion for summary judgment. On December 15, 2011, the court entered an order, (Doc. No. 48), granting the motion for reconsideration, directing the plaintiff to file a response, affording the defendant the opportunity to file a reply and directing the clerk of the court to restore the case to active status. On January 11, 2012, the plaintiff, through her original counsel, filed a brief in opposition to the May 6, 2011 motion for summary judgment, (Doc. No. 52),and an answer to the defendant's statement of facts, (Doc. No. 53), which contained several exhibits. Aware of the medical conditions that had previously incapacitated plaintiff's counsel and that plaintiff intended to seek the support of new co-counsel, the court entered an order, (Doc. No. 54), directing the new counsel to review the recently submitted brief and supporting documents. After review by new co-

4

counsel, the plaintiff subsequently re-filed the same briefs. Specifically, on January 17, 2012, the plaintiff filed her brief in opposition, (Doc. No. 56), a statement of facts, (Doc. No. 57), and an exhibit (Doc. No. 58). On February 13, 2012, the defendant filed a reply brief, (Doc. No. 61).

## III. STANDARD OF REVIEW

The defendant has moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990); *In re Cargill Meat Solutions Wage and Hour Litigation,* 632 F.Supp.2d 368, 372 (M.D.Pa.2008). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir.2007). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249; *see also Marino v.*

*Indus. Crating Co.*, [358 F.3d 241, 247 (3d Cir.2004)](#). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *[Andreoli v. Gates,](#)* [482 F.3d 641, 647 (3d Cir.2007)](#).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See [Celotex,](#)* [477 U.S. at 323-24](#). The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *[In re Bressman,](#)* [327 F.3d 229, 238 (3d Cir.2003)](#); *see also [Celotex,](#)* [477 U.S. at 325](#). If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *[Boyle v. County of Allegheny,](#)* [139 F.3d 386, 393 (3d Cir.1998)](#) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *[Celotex Corp.,](#)* [477 U.S. at 322-23](#); *[Jakimas v. Hoffman-La Roche, Inc.,](#)* [485 F.3d 770, 777 (3d Cir.2007)](#).

## IV. DISCUSSION

The plaintiff claims that the decision to terminate her was a violation of the Age Discrimination in Employment Act ("ADEA"). The defendant presents two arguments in its motion for summary judgment: (1) that the plaintiff has failed to make out a *prima facie* case; and, (2) alternatively, that the Bank has presented sufficient evidence of its legitimate non-discriminatory reason for terminating the plaintiff that the plaintiff has failed to rebut.

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1). Where, as here, there is no direct evidence of discrimination, age discrimination claims are analyzed under the three-part burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[3] *See Witcher v. Sodexho, Inc.*, 247 Fed. Appx. 328 , 330 (3d Cir. 2007).

First, the plaintiff must establish by a preponderance of the evidence a *prima facie* case of discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 ( 2000) (citing *St. Marys Honor Ctr. v. Hicks*, 509 U.S.

---

[3] It is important to note that although the burden of production may shift during the *McDonnell Douglas* inquiry, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the employee. *See Fasold v. Justice*, 409 F.3d 178 (3d Cir. 2005).

7

502, 506 (1993); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)). A *prima facie* case requires the plaintiff to establish four elements: (1) that the plaintiff belongs to the class protected by the ADEA-employees above forty years old; (2) that the plaintiff is qualified for the position; (3) that the plaintiff suffered an adverse employment decision; and (4) evidence adequate to create an inference that the employment decision was because of the plaintiff's age. *See McDonnell Douglas Corp., 411 U.S. at 802; O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996); *Monaco v. American Gen'l Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (citing *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001).

The fourth element may be satisfied if a plaintiff can show he or she was replaced by someone sufficiently younger as to create an inference of discrimination. *Monaco, 359 F.3d at 300* (citing *Duffy*, 265 F.3d at 167). In respect of the "sufficiently younger" standard, "'there is no particular age difference that must be shown, but while different courts have held . . . that a five year difference can be sufficient, . . . a one year difference cannot.'" *Id. at 307* (quoting *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir.1999)) (omissions in original). If the plaintiff makes his or her *prima facie* showing, there is a presumption of discrimination. *St. Mary's Honor Ctr., 509 U.S. at 506* (citing *Burdine*, 450 U.S. at 254).

The burden of production then shifts to the defendant to rebut the presumption by "produc[ing] evidence that the plaintiff was rejected, or

8

someone else was preferred, for a legitimate, nondiscriminatory reason." *Reeves*, 530 U.S. at 142 (citing *Burdine*, 450 U. S. at 254). The defendant's burden is "relatively light." *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir.2006) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994). The defendant must "offer evidence that is sufficient, if believed, to support a finding that it had a legitimate reason for the discharge." *Williams v. Dover Downs, Inc.*, 288 Fed.Appx. 29, 32 (3d Cir.2008)(quoting *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108 (3d Cir.1997). If the defendant produces evidence of a nondiscriminatory reason for the challenged conduct, the presumption "drops from the case." *St. Mary's Honor Ctr.*, 509 U.S. at 507 (quoting *Burdine*, 450 U.S. at 255).

The burden then returns to the plaintiff to demonstrate by a preponderance of the evidence that the defendant's proffered reason is pretextual or "unworthy of credence." *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 256). To show that the defendant's rationale is pretextual, the plaintiff must adduce evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Tomasso*, 445 F.3d at 706 (quoting *Fuentes*, 32 F.3d at 764). It is not enough for the plaintiff to show that the defendant was " wrong or mistaken" in its action. *Id.* (quoting *Fuentes, 32 F.3d at 764*). Rather, to defeat summary judgment, "the

9

non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Fuentes*, 32 F.3d at 765 (internal quotations and citation omitted) (bracketed material in original) (citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638 (3d Cir. 1993); *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 527, 531 (3d Cir. 1992); *Chauhan v. M. Alfieri Co., Inc.*, 897 F.2d 123, 128 (3d Cir. 1990)); *see Tomasso*, 445 F. 3d at 706 (citing *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005)); cf. *id.* at 704 ("First, [the plaintiff] has shown sufficient implausibilities and inconsistencies in [the defendant's] primary rationales to avoid summary judgment. Second, a rational factfinder could dismiss the secondary reasons as pretextual, not because they played no role in [the plaintiff's] layoff but because they cannot explain the layoff sufficiently.").

### A. The Plaintiff's Prima Facie Showing

The parties do not contest the plaintiff has satisfied the first three *McDonnell Douglass* elements. The plaintiff was 57-years-old at the time of her termination and was therefore part of the protected class; she was qualified for the position as she had performed in the role for several years; and, her termination was undoubtedly an adverse employment action. The

defendant contends that the plaintiff has failed to demonstrate an inference that the decision was based on age because her position is currently – at the time of filing – filled by a 58-year-old employee. (Doc. No. 31 at 6). The plaintiff claims that her immediate replacement by a 40-year-old is sufficient to create the necessary inference of discrimination. (Doc. No. 56 at 6-10).

Permanent replacement of a 57-year-old employee by a 40-year-old employee would be sufficient to create an inference that age discrimination had taken place. *See Monaco v. American Gen'l Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (citing *Duffy*, 265 F.3d at 167). The Third Circuit has stated that with respect to the "sufficiently younger" standard, "'there is no particular age difference that must be shown, but while different courts have held . . . that a five year difference can be sufficient, . . . a one year difference cannot.'" *Id.* at 307 (quoting *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir.1999)) (omissions in original).

Here, it is unclear whether Ms. Alden, the 40-year-old replacement, who performed the job for a period of up to approximately six months, was given the position to replace the plaintiff or temporarily took on the role while a replacement could be found. (Doc. No. 57 at 9-10; Doc. No. 30 at 8). Neither of the parties has presented compelling case law to support their position on the implication of a temporary replacement by a substantially younger person on the inference of age bias. The court agrees that there is a dearth of case law on issue; however, the court is inclined to find that a temporary

replacement is insufficient to create an inference of bias. Demonstrating that an employee was replaced by sufficiently younger individual is generally objectively clear and, therefore, is an oft-used method of establishing an inference of discrimination. It is not, however, the only method to establish the inference, nor is it necessarily the beginning and the end of the inference inquiry. In *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 310 (1996), the Supreme Court characterized the replacement of an employee by someone substantially younger as a "reliable indicator of age discrimination." In light of the fact that the plaintiff's position was ultimately filled by someone comparable in age to the plaintiff, it is difficult to view the temporary replacement by Ms. Alden as a the same type of objective and implicitly "reliable indicator" discussed in *O'Connor*. Therefore, under the circumstances of this case, the inference inquiry cannot rest entirely on the immediate replacement by a sufficiently younger employee. The plaintiff asserts that Ms. Alden was replaced by an older employee only when the Bank was notified of the plaintiff's age discrimination claim. (Doc. No. 56 at 8). These assertions, however, are not supported by any facts beyond their coincidental timing. Nevertheless, though the court is inclined to find that the plaintiff has failed to establish her *prima facie* case, the court will continue to its review of the defendant's nondiscriminatory reason for termination.

**B. The Defendant's Legitimate, Nondiscriminatory Reason**

If the plaintiff presents sufficient evidence to establish her *prima facie* case, the burden of production moves to the defendant to demonstrate a legitimate, nondiscriminatory reason that the plaintiff was discharged. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (*citing Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981)). Here, the Bank asserts the plaintiff created a miserable work environment as she was arrogant, nasty, and demeaning to other employees as well as to the customers at the Clifford branch. (Doc. No. 30 at 3-7). In addition, the Bank asserts the plaintiff failed to follow Bank policy by, for example, refusing to cash checks for account holders. (Doc. No. 30, Att. 3 at 63-68). Finally, the defendant asserts that Janice Bevacqua was installed as Branch Manager specifically to improve customer image, profitability and employee attitudes at the Bank's underperforming Clifford branch and based upon her observations and customer interviews decided to terminate the plaintiff. (Doc. No. 30 at 2).

The plaintiff attempts to controvert the Bank's proffered reasons with evidence that she had unblemished record over nearly 20 years of service and that neither she nor her fellow employees were notified of impending discipline or termination. (Doc. No. 56 at 2-3). Specifically, the plaintiff asserts that there is "not one piece of paper" related to discipline in her employee file and, in fact, she had received positive reviews throughout her career. (Id. at

21-23). In addition, the plaintiff cites apparent discrepancies in testimony of Bank management regarding when and by whom any warnings to staff at the Clifford Branch were made. (Id. at 16-18). Finally, the plaintiff draws attention to the fact that polices outlined in the Bank's Employee Handbook regarding progressive discipline were not followed. (Id. at 11-15). The court finds that these assertions do not controvert the legitimate, nondiscriminatory reason offered by the defendant. As an at-will employee, the plaintiff could be terminated at anytime with or without a reason, as long as there was not a discriminatory reason. *See e.g., [Dewees v. Haste,](https://) 620 F.Supp.2d 625, 639 (M.D.Pa.2009)*. Therefore, regardless of past reviews, formal discipline procedures and any notice, the Bank had the right to terminate the plaintiff. The Bank has asserted that the Clifford branch was underperforming, most noticeably in the area of customer service, and Ms. Bevacqua was directed to resolve the problem. The plaintiff's assertions about her positive service record relate to a time period before Ms. Bevacqua was charged with fixing the branch and therefore do not directly controvert the facts on which Ms. Bevacqua relied in deciding to terminate the plaintiff. Rather the plaintiff's assertions that she was a "close to perfect" employee serves only to challenge the soundness of Ms. Bevacqua's business decision, not the whether the Ms. Bevacqua's investigation was somehow flawed or not to be believed. (Doc. No. 56 at 4). The plaintiff, therefore, has merely raised a question as to whether Ms. Bevacqua's decision to terminate was wrong or

mistaken which is insufficient to carry her burden. *See [Tomasso v. Boeing Co., 445 F.3d 702, 706 (3d Cir. 2006)](citing Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994)).

Finally, the record reveals no indication that defendant's decision to terminate plaintiff was motivated by her age. The plaintiff does not allege any comments by Bank management or other direct evidence that age was a motivating factor. In fact, the only evidence in the record to support plaintiff's allegation that she was terminated because of her age is the plaintiff's own testimony that she believes age to be the reason she was fired. However, the court cannot find that the plaintiff's mere belief that age was the reason for her termination makes the defendant's reasons for her termination unworthy of credence. *See [Grove v. Admiral Peary Area Vocational-Technical Sch., 221 Fed. Appx. 101, 104 n.2 (3d Cir. 2007)](* "Grove's 'proof' consists solely of self-serving speculation about the reasons for his demotion and the unremarkable fact that Timothy Farabaugh's brother is a member of Admiral Peary's Board. No jury, on the basis of these scant proofs, could reasonably disbelieve Admiral Peary's articulated legitimate reason or conclude that age discrimination was more likely than not the true motivation behind its action.").

Finding that the plaintiff has failed to present sufficient evidence that would allow a jury either to disbelieve the defendant's articulated reasons or to believe that age was more likely that not a motivating factors in her termination, the motion for summary judgement will be granted.

**THEREFORE, IT IS HEREBY ORDERED, THAT:**

(1) The defendant's motion for summary judgment, (Doc. No. 29), is **GRANTED**;

(2) Judgement is hereby entered in favor of the defendant and against the plaintiff;

(3) The Clerk of the Court is directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: September 25, 2012**
O:\shared\MEMORANDA\2008 MEMORANDA\08-2214-03.wpd